IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALSEY MINOR, | No. C-08-4568 MMC |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY; DISMISSING COMPLAINT; VACATING HEARING** |
| v. | |
| SOTHEBY'S, INC., | |
| Defendant / | |

Before the Court is defendant Sotheby's, Inc.'s ("Sotheby's) motion to dismiss, or, in the alternative, to stay, filed November 10, 2008, as amended November 24, 2008. Plaintiff Halsey Minor ("Minor") has filed opposition, to which Sotheby's has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' submissions, VACATES the hearing scheduled for January 9, 2009, and rules as follows.

**BACKGROUND**

On September 2, 2008, Sotheby's filed a complaint against Minor in the Southern District of New York ("New York Action"), in which Sotheby's alleges it entered into three contracts with Minor, that under each contract Minor agreed to purchase at auction a work of fine art, and that Minor breached each contract by not paying the sum due thereunder. (See Barrows Decl., filed November 10, 2008, Ex. 2 ¶¶ 6-12.) On September 22, 2008,

Minor, in the New York Action, filed a counterclaim, in which Minor alleges that Sotheby's failed to provide him with a sufficient disclosure regarding Sotheby's financial interest in one of the works of fine art purchased by Minor at auction, specifically, a painting titled "The Peaceable Kingdom with the Leopard of Serenity" ("the Peaceable Kingdom"), and that if Sotheby's had made such a disclosure, Minor would have been able to purchase the Peaceable Kingdom for less than he paid (see id. Ex. 3 ¶¶ 12, 31-45); as relief, Minor seeks therein reformation or rescission of the contract to purchase the Peaceable Kingdom, costs, and "such other and further relief as the Court deems just and proper." (See id. Ex. 3 at 11-12.)

Thereafter, on October 1, 2008, Minor filed the instant action ("the California Action"), in which he alleges that Sotheby's failed to provide him with a sufficient disclosure regarding Sotheby's financial interest in the Peaceable Kingdom, and that if Sotheby's had made such a disclosure, Minor would have been able to purchase the Peaceable Kingdom for less than he paid. (See Compl. ¶¶ 30-34, 44.) As relief, Minor seeks, pursuant to New York law, an injunction requiring Sotheby's to make certain disclosures in its auction catalogs, disgorgement of illegal profits, compensatory damages, punitive damages, treble damages, costs, interest, and "[s]uch other and further relief as the Court deems just and proper." (See Compl. at 8:21-22, 15:2 - 16:2.) Additionally, Minor seeks to proceed herein on behalf a class, specifically, persons who purchased at Sotheby's auctions property in which Sotheby's held an economic interest that was not disclosed. (See Compl. ¶¶ 12, 15(a).)

**DISCUSSION**

Sotheby's seeks dismissal of the California Action under the "first to file rule."

Under the first to file rule, a district court has discretion to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).

//

Here, both the counterclaim in the New York Action and the complaint in the California Action have been filed by the same plaintiff, Minor, against the same defendant, Sotheby's. Each such pleading raises the same issues, specifically, whether Sotheby's failed to adequately disclose its interest in the Peaceable Kingdom, and, if so, whether Minor was injured by such omission. As set forth below, Minor argues that the first to file rule nonetheless is inapplicable, and, alternatively, that if the rule is applicable, the Court should exercise its discretion to allow the California Action to proceed.

Minor argues the first to file rule does not apply because the putative class members in the California Action are not parties to the New York Action, and, consequently, the "same parties" requirement is not met. Because a class has not been certified in the California Action, however, Minor is the only plaintiff in the California Action at the present time, and the "same parties" requirement is met. See Saleh v. Titan Corp., 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004) (holding, for purposes of "first to file" rule, "putative class members are not parties to an action prior to class certification"); Kidd v. Andrews, 340 F. Supp. 333, 334-37 (W.D. N.Y. 2004) (holding first to file rule prohibited plaintiff, who had filed individual action for damages arising from claim of assault by prison guard, from serving as named plaintiff in later-filed class action suit seeking injunctive relief to prohibit assaults by prison guards).

Minor next argues the first to file rule does not apply because Minor seeks different remedies in the two actions. Where two actions filed in different districts involve the same parties and the same issues, and "differ only as to the remedy sought," however, the "first to file rule is applicable." See Pacesetter, 678 F.2d at 95-96.

Finally, Minor argues that if the first to file rule is applicable, the Court should decline to exercise its discretion to dismiss the California Action. See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991) (noting "most basic aspect of the first-to-file rule is that it is discretionary"); Pacesetter, 678 F.2d at 95 (noting rule not "rigid or inflexible"). In particular, Minor argues such dismissal "would prejudice the rights of Minor and all class members to the relief properly being sought now in the Northern District of

3

California." (See Pl.'s Opp., filed December 15, 2008, at 10:25-28.) The instant action was not "properly" filed herein, however, in light of Minor's prior filing of a counterclaim naming the same party as a defendant and presenting the same issues. In any event, Minor fails to identify any legal bar, or even a practical impediment, to his pursuing against Sotheby's in the New York Action any additional forms of relief specified herein, and thus Minor has not shown he would be prejudiced in any manner by a dismissal of the instant action. Lastly, with respect to the members of the putative class, Minor fails to show that, in the event Minor does not proceed in the New York Action with a claim on behalf of the putative class, any putative class member who has a claim against Sotheby's could not proceed with such claims in an appropriate forum, and thus Minor has not shown any putative class member would be prejudiced in any manner by a dismissal of the instant action.

Accordingly, the Court finds the first to file rule is applicable and that dismissal of the California Action is, under the circumstances presented, appropriate.[1]

## CONCLUSION

For the reasons stated above, Sotheby's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED, without prejudice to Minor's pursuing his claims against Sotheby's in the New York Action and without prejudice to any putative class member's filing a claim in an appropriate forum.

**IT IS SO ORDERED.**

Dated: January 7, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this finding, the Court does not address Sotheby's alternative request to stay ruling on the motion to dismiss, pending a decision by the Southern District of New York as to whether to enjoin Minor from proceeding herein.

4